IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GERALD M. McKINNON,**

      **Plaintiff,**

v.                                                      **Civil action no. 5:06cv39**
                                                            **(Judge Stamp)**

**AL HAYNES, Warden;**
**H. TAYLOR, Associate Warden;**
**CAPTAIN BETLER;**
**MR. HOFFMAN, Counselor;**
**C. GREINER, Unit Manager;**
**HARRELL WATTS, Administrator of Appeals;**
**K.M. White, Regional Director.**

      **Defendants.**

## REPORT AND RECOMMENDATION

On April 6, 2006, the plaintiff, initiated this case by filing a civil rights complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983 or pursuant to Bivens. Because the plaintiff is a federal inmate pursuing claims against federal officials, the undersigned has treated this matter as one pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), a case in which the Supreme Court created a counterpart to 42 U.S.C. §1983 and authorized suits against federal employees in their individual capacities. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

**I. The Complaint**

In his complaint, the plaintiff alleges that the defendants have violated his right to equal protection through the administration of the Inmate Financial Responsibility Program "IFRP"). The

plaintiff, who is D.C. offender, is currently incarcerated at FCI Coleman, which is located in Florida. However, at the time he filed his complaint, the plaintiff was incarcerated at USP Hazelton, which is located in Bruceton Mills, West Virginia.

The plaintiff alleges that when he was sentenced on March 4, 1985, he was ordered to pay a fine of $,1000 under the Victims of Violent Crime Act. The plaintiff further alleges that although 28 C.F.R. § 545.10 and the Federal Bureau of Prisons' Program Statement 5380.07 both state that a defendant's obligation to pay a fine ceases twenty years after the date judgment was imposed for an inmate convicted prior to April 24, 1996,[1] the Bureau of Prisons is punishing him by placing him in "refuse" status under the IFRP. As relief, the plaintiff seeks an order directing Warden Haynes to remove his name from the Financial Responsibility "refuse" status and consider his fine/restitution expired.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against

---

[1] In fact, 28 C.F.R. §45.10 contains no restriction on the time within which a fine can be collected. In addition Federal Bureau of Program Statement 5380.07 has been rescinded. Federal Bureau of Program Statement 5380.08 does provide that "a defendant's obligation to pay a fine ceases 20 years after the date judgment was imposed for inmates convicted prior to April 24, 1996." However, as noted in the Regional Administrative Remedy response and the Central Office Administrative Remedy response, there is no expiration date for District of Columbia court-ordered costs. Furthermore, to the extent that the plaintiff is claiming that the BOP has violated its own Program Statement, such a violation is not a violation of federal law and does not rise to the level of a constitutional violation. See Bates v. Helman, 1999 WL 160966 (7th Cir. 1999); Lopez v. Wrigley, 2007 WL 1946649 (E.D. Cal.)

a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### III. ANALYSIS

#### A. Inmate Financial Responsibility Program

The IFRP is a work program instituted by the Bureau of Prisons ("BOP") to encourage 'each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. The program allows for the development of a financial plan so that inmates may satisfy enumerated obligations such as restitution payments, while incarcerated. 28 C.F.R. § 545.11(a). The IFRP applies to all inmates in federal facilities except for study and observation cases, pretrial detainees, and inmates in holdover status pending designation. 28 C.F.R. § 545.10. Incentives for compliance are listed in the IFRP Program Statement, 28 C.F.R. § 545.11, couched in terms of the consequences of not complying:

> (1) Where applicable, the Parole Commission will be notified of an inmate's failure to participate;

---

[2] Id. at 327.

(2) The inmate will not receive any furlough (other than possibly an emergency or medical furlough);

(3) The inmate will not receive performance pay above the maintenance pay level, or bonus pay, or vacation pay;

(4) The inmate will not be assigned to any work detail outside the secure perimeter of the facility;

5) The inmate will not be placed in UNICOR. Any inmate assigned to UNICOR who fails to make adequate progress on his/her financial plan will be removed from UNICOR waiting list for six months. Any exception to this requires approval from the Warden;

(6) The inmate shall be subject to a monthly commissary spending limitation more stringent than those for all inmates. This more stringent commissary spending limitation shall be at least $25 per month, excluding purchases of stamps, telephone cards, and, if the inmate is a common fare participant, Kosher/Halal certified shelf-stable entrees to the extent that such purchases are allowable under pertinent Bureau regulations;

(7) The inmate will be quartered in the lowest housing status (dormitory, double bunking, etc.);

(8) The inmate will not be placed in a community-based program;

(9) The inmate will not receive a release gratuity unless approved by the Warden;

(10) The inmate will not receive an incentive for participation in residential drug treatment programs; and

(11) The inmate's score on "Responsibility" on the Custody Classification form (BP-338) is to be zero.

In his complaint, the plaintiff provides no information as to which of these consequences have been applied to him. However, for the reasons discussed below, it does not matter.

## B. **Bivens Claim**

In order to state a claim under <u>Bivens</u>, a claimant must show (1) a deprivation of a civil right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right

4

was caused by an official acting under color of federal law.  Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978).   Here, the plaintiff alleges that the defendants have violated his right to equal protection.

To state a claim for an equal protection violation in a prison setting, the inmate must demonstrate "that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination....He must also show that the disparity in treatment cannot survive the appropriate level of scrutiny, which in a prison setting, means that [a plaintiff] must demonstrate that his treatment was not reasonably related to any legitimate penological interests." Phillips v. Girdich, 408 F.3d 124, 129 (2d Cir. 2005)(internal citation, quotation marks, and alterations omitted); see also Wilson v. Schillinger, 761 Fl2d 921, 929 (3rd Cir. 1985), cert. denied, 475 U.S. 1096 (1986). Furthermore, in the absence of a fundamental right or a protected class, equal protection only requires that a regulation which results in unequal treatment of an inmate bear some rational relationship to a legitimate penological interest.  See McGinnis v. Royster, 410 U.S. 263 (1973).

Here, the plaintiff has made no attempt to show that he has been treated differently than other inmates who have refused to cooperate with the IFRP.  Furthermore, the IFRP serves the legitimate rehabilitative purpose of promoting inmate financial responsibility and rehabilitation.  See Johnpoll v. Thornburgh, 898 F.2d 849, 851 (2nd Cir. 1990), cert. denied, 498 U.S. 819 (1990);  James v. Quinlan, 866 F.2d 627, 630 (3rd. Cir. 1980), cert. Denied, 493 U.S. 870 (1989).  Therefore, the plaintiff's complaint fails to state a violation of his equal protection, and accordingly, his claim should be dismissed for failure to state a claim.

## IV.  RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's

Bivens complaint (Doc. 1) be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim..

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp. Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last know address as reflected on the docket sheet.

Dated: October 16, 2007

                                                           /s/ James E. Seibert
                                                           JAMES E. SEIBERT
                                                           UNITED STATES MAGISTRATE JUDGE