IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GERALD M. McKINNON,

    Plaintiff,

v.                                            Civil Action No. 5:06CV39
                                                             (STAMP)
AL HAYNES, Warden,
H. TAYLOR, Associate Warden,
CAPTAIN BETLER,
MR. HOFFMAN, Counselor,
C. GREINER, Unit Manager,
HARRELL WATTS, Administrator of Appeals,
and K.M. WHITE, Regional Director,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Facts and Procedural History

Currently pending before this Court and ready for review is Magistrate Judge James E. Seibert's report of proposed findings and recommended disposition of the plaintiff's claims brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"). On November 25, 2005, the pro se[1] plaintiff, a federal inmate, filed a complaint against federal officials alleging that they violated his right to equal protection in how they administered the Inmate Financial Responsibility Program.[2] This matter was referred to the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

[2] The magistrate judge's report and recommendation sets forth the facts in this matter. This Court finds that a second

magistrate judge for a report and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rule of Prisoner Litigation Procedure 83.09. Thereafter, the magistrate judge entered a report recommending dismissal of the complaint for failure to state a claim upon which relief can be granted. In the report and recommendation, the magistrate judge informed the parties that if they objected to any portion of his recommendation, they must file written objections within ten days after being served with a copy of this recommendation.

After entry of the report and recommendation, the plaintiff filed a motion for an extension of time in which to file objections, which this Court granted. to January 2, 2008. Six days after the extended deadline, the plaintiff filed untimely objections to the report and recommendation. For the reasons set forth below, this Court finds that the magistrate judge's report and recommendation must be affirmed and adopted in its entirety and that this action must be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and

---

recitation of the facts is unnecessary and hereby incorporates the facts set forth in Section I of the magistrate judge's report and recommendation.

2

recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Generally, failure to file timely objections permits review of the report and recommendation under a clearly erroneous standard. See United States v. Johnson, 859 F2d 1289, 1294 (7th Cir. 1988). However, a court may consider untimely objections where such objections are not egregiously late and where they have caused no prejudice to the adverse party. Hunger v. Leininger, 15 F.3d 664, 668 (7th Cir. 1994).

In this case, the plaintiff filed untimely objections, even after this Court granted an extension of time for filing such objections, and he failed to offer any reason for the late filing. Therefore, the standard of review in this case should be for clear error. However, this Court finds that the late filing of objections was not egregious, and that the defendants have not been unfairly prejudiced by the delay. Accordingly, this Court will conduct a de novo review of the magistrate judge's report and recommendation.

### III. Discussion

Under the Prison Litigation Reform Act ("PLRA"), federal courts are required to screen civil complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. If, on review, a court finds that the prisoner's allegations are frivolous, malicious, or

fail to state a claim upon which relief may be granted, the court must dismiss the complaint in whole or in part. 28 U.S.C. § 1915A(b)(1).

Although some overlap exists in the functional meaning of "frivolous" and "fails to state a claim" as provided in the PLRA, the terms are not identical. As noted by the United States Supreme Court, all frivolous actions are also subject to dismissal for failure to state a claim; however, all actions subject to dismissal for failure to state a claim are not necessarily frivolous. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The standard for determining failure to state a claim for the purpose of a PLRA dismissal is identical to the one in Federal Rule of Civil Procedure 12(b)(6). See Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999) (noting that "failure to state a claim" language in the PLRA parallels that of Rule 12(b)(6)). Accordingly, under that standard, courts must accept the material facts alleged in the complaint as true, and not dismiss unless it appears to a certainty that the plaintiff can prove no set of facts in support of this claim which would entitle him to relief. Advanced Health Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990).

On the other hand, a frivolous action is one that "lacks an arguable basis in either law or fact." Neitzke, 490 U.S. at 325. In making a frivolousness determination, judges not only have "the authority to dismiss a claim based on an indisputably meritless

legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Thus, unlike the failure to state a claim standard, in determining frivolity, the court is not bound to accept "clearly baseless" factual allegations as true. See Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Here, the plaintiff alleges equal protection violations by the Bureau of Prisons ("BOP") for placing him in "refused" status under the Inmate Financial Responsibility Program ("IFRP"). To state a claim for an equal protection violation in a prison setting, an inmate must demonstrate "that he was treated differently from others similarly situated as a result of intentional or purposeful discrimination . . . . [The inmate] must also show that the disparity in treatment cannot survive the appropriate level of scrutiny, which in a prison setting, means that [a plaintiff] must demonstrate that his treatment was not reasonably related to any penological interests." Phillips v. Girdich, 408 F.3d 124, 129 (2d Cir. 2005) (internal citation, quotation marks, and alterations omitted). According to the plaintiff, pursuant to 28 C.F.R. § 545.10 and BOP Program Statement 5380.07, his obligation to pay a fine of $1,000.00, which was imposed by the terms of his sentence, has expired and, therefore, the BOP is required to remove him from "refused" status designation. The magistrate judge recommended that the complaint be dismissed with prejudice because

the plaintiff has failed to set forth allegations showing that he was treated differently, as a result of intentional discrimination, from others similarly situated and that any such disparate treatment was not reasonably related to any legitimate penological interests. The magistrate judge also observed that the IFRP has the legitimate rehabilitative purpose of promoting inmate financial responsibility.

In his objections, the plaintiff seeks to clarify his claim. According to the plaintiff, he is not arguing that the fine has expired or that a court cannot order him to pay it. Rather, he says, he is arguing that the BOP's authority to collect the fine has expired and that his "refused" designation should be removed. These objections, like the plaintiff's complaint, fail to show how the plaintiff has been treated differently from other similarly situated inmates who have refused to cooperate with the IFRP requirement.

Based upon a de novo review, this Court finds that the plaintiff has made no effort to show that he has been subject to disparate treatment as compared to other similarly situated inmates and that he has therefore failed to state an equal protection claim under Bivens. Therefore, this Court finds that the plaintiff's complaint must be dismissed with prejudice for failure to state a claim on which relief can be granted.

## IV. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be and is hereby AFFIRMED and ADOPTED in its entirety. Specifically, it is ORDERED that the plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim on which relief can be granted.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 42 U.S.C. § 1983 or Bivens. See 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); see also Fed. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:        June 17, 2009

                                          /s/ Frederick P. Stamp, Jr.
                                          FREDERICK P. STAMP, JR.
                                          UNITED STATES DISTRICT JUDGE